**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TALAT SHAZAD,

     Petitioner,

v.

TODD BLANCHE, Attorney General of the United States; DAREN K. MARGOLIN, Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; ACTING DIRECTOR, Immigration and Customs Enforcement, U.S. Department of Homeland Security; IMMIGRATION AND CUSTOMS ENFORCEMENT; MARY DE ANDA-YBARRA, Field Office Director of the El Paso Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; GEORGE DEDOS, Warden, Torrance County Detention Facility,

     Respondents.

Case No. 1:26-cv-01743-MIS-LF

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS MATTER** is before the Court on Petitioner Talat Shazad's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed May 29, 2026.  Petitioner is a citizen of Pakistan who entered the United States on February 17, 2022.  <u>Id.</u> ¶¶ 27-28.  Upon his entry, Petitioner was encountered by Respondents and placed into removal proceedings.  <u>Id.</u> ¶¶ 29-30.  On February 19, 2022, Respondents released Petitioner on his own recognizance.  <u>Id.</u> ¶ 31.  Petitioner subsequently filed an Application for Asylum which is currently on appeal before the Board of Immigration Appeals.  <u>Id.</u> ¶ 32.  On January 12, 2026, Respondents arrested Petitioner without a warrant in

Minnesota.  Id. ¶ 33.  Petitioner is currently detained at the Torrance County Detention Facility in Estancia, New Mexico.  Id. ¶ 38.

On May 29, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus requiring that Respondents immediately release him from ICE custody or, alternatively, provide him a bond hearing pursuant to 8 U.S.C. § 1226(a).  Id. at 29.

On June 12, 2026, the Federal Respondents filed a Response to the Petition.[1]  ECF No. 6.  Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention."  Id. at 2-3.  However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b).  Id. at 2.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the Warden did not respond to the Petition.

Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. <u>See generally</u> Resp., ECF No. 6. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Talat Shazad from custody/detention;

3. Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE